UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE L. NEFF,

    Plaintiff,

v.                                                    Case No. 8:18-cv-3040-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff applied for DIB on March 24, 2015 (Tr. 12, 158–61). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 58–67, 70–81). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 31–57). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 9–30). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning April 21, 2014 (Tr. 160). Plaintiff has at least a high school education (Tr. 24). Plaintiff's past relevant work experience included work as a kindergarten teacher (Tr. 24). Plaintiff alleged disability due to lumbar and cervical stenosis and spondylosis, fibromyalgia, Von Willebrand's disease, conversion disorder, migraines, somatic symptoms disorder, bursitis, tendonitis, pseudoseizures, depression, and anxiety (Tr. 18).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since April 21, 2014, the alleged onset date (Tr. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: pseudoseizures, degenerative disc disease, major depressive disorder, anxiety disorder, and somatic symptom disorder (Tr. 14). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following mental limitations:[1] Plaintiff can understand, remember, and apply simple instructions. She can interact appropriately with supervisors and occasionally interact with coworkers, but she can never interact with the general public.

---

[1] Plaintiff's appeal centers on the ALJ's evaluation of her mental impairments (*See* Doc. 21 at 5, n.2).

She can concentrate, persist, and maintain pace for two hours at a time. She can manage herself and adapt to gradual changes in the workplace. She is limited to jobs that do not require production rate or pace work or more than occasional use of independent judgment and decision-making (Tr. 17).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the alleged symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 18–21). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her past relevant work (Tr. 24). Given Plaintiff's background and RFC, however, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as nut sorter, inserter, and order clerk (Tr. 25). The ALJ then found Plaintiff not disabled based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE (Tr. 25).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an

3

impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits her ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. Review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

IV. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ properly weighted Dr. Curtis W. Cassidy's ("Dr. Cassidy") medical opinions, and (2) whether the ALJ's credibility assessment is deficient due to his failure to consider Plaintiff's strong work history. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

A. Whether the ALJ Properly Weighted Dr. Cassidy's Medical Opinions

In assessing an individual's disability claim, an ALJ "must consider all medical opinions in a claimant's case record, together with other relevant evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (citing 20 C.F.R. § 404.1527(b)). Typically, the ALJ must afford the opinions of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commr. Of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). Good cause exists where: (1) the treating physician's opinion is inconsistent with the record evidence; (2) the record evidence supports a conflicting finding; or (3) the treating physician's opinion is conclusory or incompatible with the physician's own medical records. *See* 20 C.F.R. § 404.1527(c); *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004); *Crawford*, 363 F.3d at 1159. If an ALJ finds that the treating physician's medical opinion should be given less than substantial or considerable weight, the ALJ must clearly articulate reasons showing good cause for discounting the opinion, and those reasons must be supported by substantial evidence. *Hargress v. Soc. Sec. Admin., Comm'r.*, 883 F.3d 1302, 1305–06 (11th Cir. 2018).

The Court "will not second guess the ALJ regarding the weight the treating physician's opinion deserves so long as the ALJ articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Dr. Cassidy treated Plaintiff from January 2016 to January 2017 (Tr. 646–60). On July 28, 2016, Dr. Cassidy provided a Medical Source Statement on Plaintiff's behalf (Tr. 641–45). Dr. Cassidy diagnosed Plaintiff with major depression, panic disorder, conversion disorder, and somatic symptom disorder (Tr. 641). He further opined that due to Plaintiff's profound psychiatric symptoms, she has no useful ability to function in the following work-related tasks:

- carry out very short and simple instructions;
- maintain attention for two-hour segments;
- sustain an ordinary routine without supervision;
- make simple work-related decisions;
- completed a normal workday and workweek without interruptions from psychologically based symptoms;
- perform at a consistent pace without an unreasonable number and length of rest periods;
- get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes;
- respond appropriately to changes in a routine work setting;
- deal with normal work stress;
- understand, remember and carry out detailed work;
- set realistic goals or make plan independently of others;
- deal with stress of semiskilled and skilled work;
- maintain socially appropriate behavior; and,
- travel in unfamiliar place

(Tr. 643–44). Additionally, Dr. Cassidy opined that Plaintiff had marked restrictions in activities of daily living, extreme difficulties in maintaining social functioning, and extreme deficiencies in concentration, persistence, or pace resulting in failure to complete

tasks in a timely manner (Tr. 644–45). Dr. Cassidy opined that Plaintiff's impairments will likely produce "bad days," and she will be absent from work over three times per month due to her impairments or treatment (Tr. 645). On February 22, 2017, Dr. Cassidy provided a second Medical Source Statement mirroring his previous opinion (Tr. 960–61).

In reaching his disability determination, the ALJ recognized Dr. Cassidy was Plaintiff's treating physician but discounted his opinions because they were "inconsistent with his own treatment notes as well as the evidence as a whole." (Tr. 23). Plaintiff argues that the ALJ failed to provide good cause to reject Dr. Cassidy's opinions. Particularly, Plaintiff argues that (i) Dr. Cassidy's opinions are not inconsistent with his treatment notes; (ii) the ALJ erred by not discussing all factors relevant to evaluating medical opinions in weighing Dr. Cassidy's opinions; and (iii) the ALJ wrongfully relied on his lay opinion in discounting the medical opinions (Doc. 21 at 21–25). The Commissioner counters that the ALJ gave good cause to discount Dr. Cassidy's opinions and that to the extent that Plaintiff points to evidence that undermines the ALJ's decision, her argument misinterprets "the narrowly circumscribed nature of judicial review" (Doc. 21 at 29). The Court finds that the ALJ properly discounted Dr. Cassidy's opinions.

First, the ALJ identified inconsistencies between Plaintiff's work-function limitations stated in Dr. Cassidy's opinions and his treatment notes. For example, the ALJ noted that "at the initial intake evaluation," Dr. Cassidy found that Plaintiff "exhibited logical and goal-directed thought processes, fair attention and concentration, good memory, excellent fund of knowledge, fairly good insight, and good judgment." (Tr. 17, 23). Similarly, the ALJ noted that while Plaintiff "continued to have moderate

psychomotor retardation, she reported [to Dr. Cassidy] improvement with her medications, and she remained cognitively intact" (Tr. 17, 23).[2] The ALJ, therefore, provided good cause to discount Dr. Cassidy's opinions. *See Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194–95 (11th Cir. 2012) (affirming an ALJ's decision to give little weight to the opinions of a claimant's treating physician because they were inconsistent with the doctor's own findings and the decision noted one example of inconsistencies from the medical records).[3]

Second, although the ALJ must consider various factors when weighing a medical opinion, *see* 20 C.F.R. § 416.927(c),[4] "the ALJ is not required to explicitly address each of those factors. Rather, the ALJ must provide 'good cause' for rejecting a treating physician's medical opinions." *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011). A review of the ALJ's decision shows that in weighing Dr. Cassidy's opinions the ALJ considered the extent of the medical relationship between Plaintiff and Dr. Cassidy, the medical evidence, and the explanation supporting his opinions (Tr. 16–17,

---

[2] Indeed, an independent review of the record shows that Dr. Cassidy's medical notes following Plaintiff's initial consultation consistently indicated that Plaintiff's thought process was logical and goal-directed, she had fair attention and concentration, good memory, good insight, and good judgment, and she was cognitively intact (Tr. 659, 655, 653, 650, 648).

[3] Plaintiff summarily argues that in the face of inconsistencies between Dr. Cassidy's treatment notes and his opinions, the ALJ should have contacted Dr. Cassidy for clarifications or request a consultative medical evaluation. No such duty arises, however, when the ALJ decides he has enough evidence to determine whether Plaintiff was disabled. *See* 20 C.F.R. § 404.1520b(b)(2)(i)–(iii).

[4] The various factors include: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of the doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's area of specialization. 20 C.F.R. § 416.927(c).

20). Given that there is no requirement that he explicitly address all other factors, the Court finds that the ALJ employed proper legal standards in weighing Dr. Cassidy's opinion.

The Court is similarly unpersuaded by Plaintiff's cursory argument that the ALJ erred by substituting his opinion for that of the ALJ. The ALJ considered all of Dr. Cassidy's notes but observed that, in general, they reflect normal findings. The ALJ also observed that Plaintiff's mental limitations improved with medication according to Dr. Cassidy's notes (Tr. 17, 648, 655, 656). The ALJ did not improperly substitute his opinion for that of Dr. Cassidy. Rather, the ALJ complied with his duty to weigh the evidence and resolve any inconsistencies in the record. *See* 20 C.F.R. §§ 404.1520(b), 416.9209b(b). Further, even if there is some evidence that weighs against the ALJ's decision, or the Court were to weigh the evidence differently, the ALJ's decision must be affirmed if it is supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005). Here, the ALJ provided clearly articulated reasons to discount Dr. Cassidy's opinions, and these reasons are supported by substantial evidence. Therefore, the Court finds no error.

### B. Whether the ALJ's Credibility Assessment is Deficient Due to His Failure to Consider Plaintiff's Strong Work History

The evaluation of a claimant's subjective symptoms is governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that

it can be reasonably expected to give rise to the alleged pain." *Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). Where a claimant satisfies this pain standard, the ALJ then assess the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c); *see also* SSR 16-3p.[5] Considerations relevant to this evaluation include: the objective medical evidence; evidence of factors that precipitate or aggravate the claimant's symptoms; medications and treatments available to alleviate those symptoms; the type, dosage, effectiveness, and side effects of such medications and treatments; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id*. If the ALJ elects not to credit the claimant's subjective testimony, he must articulate explicit and adequate reasons. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted).

Plaintiff argues that the ALJ committed reversible error by failing to consider her 25 plus years of excellent work history in assessing her credibility.[6] Specifically, Plaintiff argues that although she "is not suggesting that her strong work history *necessarily* entitles her to enhanced credibility or automatically trumps other factors," "(1) the ALJ was required to consider this highly relevant credibility factor, and (2) [he] did not." (Doc. 21 at 30) (emphasis in the original). The Commissioner counters that the ALJ evaluated several factors when reaching his determination and articulated proper reasons for

---

[5] Applicable as of March 28, 2016.
[6] The Court recognizes the SSA no longer uses the term "credibility" when evaluating whether a claimant's subjective complaints are consistent with and supported by the record. Because the parties employ this term in their memorandum, however, the Court utilizes it here for consistency and ease of reference.

11

discounting Plaintiff's subjective complaints; therefore, the Court should uphold his decision.

Contrary to Plaintiff's argument, the Eleventh Circuit does not require that an ALJ summarize the entire record in his decision or "cite particular phrases or formulations" in assessing credibility. *Dyer,* 395 F.3d at 1210–11. In fact, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court . . . ] to conclude that [the ALJ] considered her medical condition as a whole." *Id.* at 1211 (internal quotations omitted). Thus, if an ALJ provides a clearly articulated credibility finding supported by substantial evidence, the finding will not be disturbed on appeal. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (citation omitted).

Here, the ALJ has done so. The ALJ evaluated various factors, including Plaintiff's daily activities, the type and effectiveness of her medication, and other factors concerning her functional limitations. *See* 20 C.F.R 404.1529(c)(3)(i),(iv),(vii). The ALJ found that those factors weighed against the alleged severity of Plaintiff's symptoms (Tr. 21). In support, the ALJ noted that Plaintiff's mental examinations were generally normal; Plaintiff mental limitations improved with medication; Plaintiff's activities of daily living—including managing her finances, using her computer to access Facebook and emails—were not affected by her mental impairments, and Plaintiff appeared to magnify minimal physical dysfunctions during her neuropsychological evaluation (Tr. 21, 47–48, 311–18, 553–58, 646–60). Therefore, the Court finds that in reaching his

credibility determination, the ALJ applied the correct legal standards and his findings are supported by substantial evidence.

Further, although the ALJ did not specifically discuss Plaintiff's work history in his credibility analysis, the ALJ clearly considered Plaintiff's strong work history at other steps of the sequential evaluation proceedings. For example, at step four, the ALJ noted that Plaintiff performed her past work as a kindergarten teacher long enough to achieve average performance, but due to her mental RFC limitations, she was unable to perform it (Tr. 24). Additionally, at the hearing, the ALJ elicited testimony from Plaintiff and the vocational expert regarding Plaintiff's past relevant work (Tr. 36–37, 51–53). Therefore, the ALJ's decision shows that he was aware of Plaintiff's strong work history throughout the evaluation process. *See Coleman v. Astrue,* No. 8:11-CV-1783-T-TGW, 2012 WL 3231074, at *5 (M.D. Fla. Aug. 6, 2012) (affirming the ALJ's credibility determination despite not explicitly discussing the plaintiff's past work and stating that "while the law judge did not discuss the plaintiff's work history specifically in the context of her credibility finding, she obviously considered the plaintiff's work history in making her decision" because the ALJ elicited testimony from the plaintiff and the plaintiff's earnings records were part of the administrative record).

Finally, Plaintiff relies on *Lafond v. Comm'r of Soc. Sec.,* No. 6:14–cv–1001–Orl–DAB, 2015 WL 4076943, at *9 (M.D. Fla. July 2, 2015) for the proposition that an ALJ's decision should be remanded if the ALJ failed to consider a plaintiff's strong work history when assessing credibility. Although the Court in *Lafond* found the ALJ failed to consider the plaintiff's strong work record when assessing his credibility, the Court did not remand

the ALJ's disability determination solely on that basis.[7] Instead, the court remanded the ALJ's decision on its conclusion that the ALJ's credibility assessment, as a whole, was not based on substantial evidence. *See id.*, at *5–11.[8] Different from *Lafond*, the ALJ here provided the Court with a clearly articulated credibility assessment supported by substantial evidence. Therefore, *Lafond* is inapposite. *See Rios v. Acting Commr. of Soc. Sec.*, 8:16-CV-152-T-PDB, 2017 WL 4216467, at *10 (M.D. Fla. Sept. 22, 2017) (distinguishing *Lafond* and other cases cited in *Lafond* because they were "inconsistent with binding precedent requiring deference to a clearly articulated credibility finding with substantial supporting evidence"). In sum, the Court finds no reversible error in this case.

## V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

---

[7] The Court notes that there is no binding precedent requiring remand of an ALJ's decision solely for failure to explicitly discuss a plaintiff's work history in his credibility assessment. *See Lafond,* 2015 WL 4076943, at *9 (stating that the Eleventh Circuit has not ruled on this issue); *see also Coleman*, 2012 WL 3231074, at *5 (rejecting a plaintiff's argument that the ALJ's credibility assessment was deficient for failure to consider the plaintiff's work history because the plaintiff did not cite "any authority suggesting that the [ALJ] is required to discuss the plaintiff's work history in the context of a credibility determination" and the Regulations do not list "prior work record" as one of the specified factors to take into account in assessing credibility).

[8] For example, in addition to the lack of mention of the plaintiff's work history, the court found that "the ALJ erred in finding that the objective medical evidence and records did not support her allegations of pain and limitations," "the ALJ failed to properly evaluate Plaintiff's activities of daily living," and the ALJ did not consider the plaintiff's reasons for non-compliance with treatment before discounting her subjective complaints on this basis. *Lafond,* 2015 WL 4076943, at *5, *8, *10.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on March 12, 2020.

*[signature]*
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE